NO. 07-02-0281-CR

NO. 07-02-0282-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

OCTOBER 14, 2002

______________________________

ELREED WILSON, JR., APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_________________________________

FROM THE CRIMINAL JUDICIAL DISTRICT COURT OF JEFFERSON COUNTY;

NOS. 78432 & 82502; HONORABLE LEONARD J. GIBLIN, JR., JUDGE

_______________________________

Before QUINN and REAVIS, JJ. and BOYD, S.J.
(footnote: -6)
ABATEMENT AND REMAND

Pursuant to a guilty plea for possession of a controlled substance in cause number 78432 and a guilty plea for possession of marihuana in cause number 82502, appellant Elreed Wilson, Jr. was granted deferred adjudication and placed on community supervision for five years.  After hearing evidence in support of the State’s motion to revoke for alleged violations of the conditions of community supervision, the trial court adjudicated appellant guilty in both cases and assessed punishment at four years confinement in cause number 78432 and two years confinement in cause number 82502.  Appellant filed general notices of appeal.  Both the clerk’s record and reporter’s record have been filed.  Appellant’s brief was due to be filed on September 16, 2002, but has yet to be filed.  Also, no motion for extension of time has been filed.  By letters dated September 23, 2002, this Court notified appellate counsel, Mr. Mike Laird, of the defect and also directed that he explain by October 3, 2002, why the brief has not been filed.  Mr. Laird did not respond and the brief remains outstanding.

Therefore, we now abate the appeal and remand the cause to the trial court for further proceedings pursuant to Rule 38.8(b)(2) and (3) of the Texas Rules of Appellate Procedure.  Upon remand, the trial court shall immediately cause notice of a hearing to be given and, thereafter conduct a hearing to determine the following:

1. whether appellant desires to prosecute the appeal; 

2. whether appellant is indigent and entitled to appointed counsel;

3. whether counsel for appellant has abandoned the appeal; and

4.   whether appellant has been denied effective assistance of counsel given his attorney’s failure to file a brief.

The trial court shall cause the hearing to be transcribed.  Should it be determined that appellant desires to continue the appeal, then the trial court shall also take such measures as may be necessary to assure appellant effective assistance of counsel, which measures may include the appointment of new counsel.  If new counsel is appointed, the name, address, telephone number, and state bar number of said counsel shall be included in the order appointing new counsel.  Finally, the trial court shall execute findings of fact, conclusions of law, and such orders as the court may enter regarding the aforementioned issues, and cause its findings and conclusions to be included in a supplemental clerk's record.  A supplemental record of the hearing shall also be included in the appellate record.  Finally, the trial court shall file the supplemental clerk's record and the supplemental reporter's record with the Clerk of this Court by Monday, December 2, 2002.

It is so ordered.

Per Curiam

Do not publish.
  

 

FOOTNOTES
-6:
John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment.